**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LIVIA M. SCOTTO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-6127** |
| | : | |
| **JESSICA M. MCLEAN, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**BAYLSON, J.** **SEPTEMBER 17, 2026**

Livia M. Scotto has filed an eighty-nine page Complaint and seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Scotto leave to proceed *in forma pauperis* and dismiss her Complaint as frivolous.

## I. FACTUAL ALLEGATIONS AND LITIGATION HISTORY[1]

Stated simply, Scotto's allegations are incomprehensible. Her Complaint consists almost entirely of documents carrying captions of other cases and from other courts.[2] Having examined the entire submission, the Court can discern no factual allegations or claims within the subject matter jurisdiction of this Court.

Scotto is a frequent *pro se* litigant in this Court. She has filed at least eleven prior civil actions in the United States District Court for the Eastern District of Pennsylvania *pro se*, mostly without paying the filing fee. *See Scotto v. Socieite Anonyme*, No. 21-89 (dismissed for failure to prosecute, appeal dismissed for failure to prosecute); *Scotto v. Credit Suisse*, No. 22-1176

[1] The factual allegations set forth in this Memorandum are taken from Scotto's Complaint ("Compl."). (ECF No. 1.)

[2] The Clerk of Court created the caption for this case from the first document Scotto submitted, a copy of a complaint captioned for a state court in Florida. (*See* ECF No. 1 at 2.)

(dismissed for failure to serve defendants after payment of filing fee); *Scotto v. A.R.R.*, No. 22-1179 (dismissed as duplicative, appeal dismissed for failure to prosecute); *Scotto v. Office of Personal Management*, No. 22-2697 (dismissed as duplicative, appeal dismissed for failure to prosecute); *Scotto v. United States*, 22-3434 (dismissed for failure to prosecute, appeal dismissed for failure to prosecute); *Scotto v. Ewing*, No. 22-3623 (dismissed for failure to prosecute, appeal dismissed for failure to prosecute); *Scotto v. Maimonides*, No. 22-3625 (dismissed for failure to prosecute); *Scotto v. Maimonides*, No. 22-3626 (dismissed for failure to prosecute; summarily affirmed on appeal for want of a substantial question); *Scotto v. United States*, No. 23-541 (dismissed on statutory screening, appeal dismissed for failure to prosecute); *Scotto v. Wells Fargo & Co.*, No. 25-3117 (dismissed on statutory screening, affirmed on appeal); *Scotto v. FEMA*, No. 26-4153 (dismissed as frivolous). None of her cases has proceeded past the pleading stage, being dismissed for failure to prosecute or for failure to state plausible claims. The one case for which she paid the filing fee, *Credit Suisse*, No. 22-1176, was dismissed for failure to prosecute because she failed to serve the defendants.

## II. STANDARD OF REVIEW

The Court grants Scotto leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Brown v. City of Philadelphia*, 750 F. App'x 171, 173 (3d Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic

or delusional scenarios[.]" *Id.* at 327-28; *see also Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Smith v. N. Cambria Police,* No. 25-1273, 2025 WL 1324070, at *1 (3d Cir. May 7, 2025) (*per curiam*) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). In assessing the Complaint, the Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Scotto's Complaint is frivolous, as is obvious from the Court's description of her submission. It will be dismissed on this ground. The Court is currently considering whether to enjoin Scotto from filing additional *in forma pauperis* cases *pro se* unless her pleading contains a certification by an attorney that the claims she seeks to present have merit, which will be determined in due course. *See Scotto v. FEMA*, No. 26-4153 (ECF No. 17.) The Court notes here only that she filed this additional frivolous Complaint after being placed on notice of the proposed sanction.

An order will be entered separately dismissing this case. Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**